UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTIN S., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 5693 <br><br> Magistrate Judge McShain |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dustin S. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion for summary judgment [12] is granted, defendant's motion for summary judgment [15] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

In February 2018, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of July 1, 2015. [6-1] 164. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*]. In August 2020, the Appeals Counsel vacated the ALJ's decision and remanded for further consideration of issues relating to plaintiff's mental limitations. [*Id.*] 183-84. After a second hearing, the ALJ denied plaintiff's claim in January 2021. [*Id.*] 30-43. The Appeals Council denied review in May 2021, [*id.*] 10-17, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [6-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [7, 8].

his alleged onset date to the date last insured. [6-1] 32. At step two, the ALJ determined that plaintiff had the following severe impairments: posttraumatic stress disorder, depression, anxiety, alcohol use disorder, history of traumatic brain injury, degenerative disc disease of the lumbar spine with bilateral sacroiliac joint dysfunction, Guillain-Barre syndrome, and obesity. [*Id.*] 32-33. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 33-34. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform light work, except that he could understand, remember, and carry out only simple, 1-2 step instructions; use judgment limited to simple work-related decisions; tolerate no more than occasional interactions with supervisors, coworkers, and the general public; not perform tandem or collaborative work tasks with coworkers; tolerate only a low stress, predictable, routine work setting; and not work around loud noise. [*Id.*] 34-41. At step four, the ALJ found that plaintiff could not perform his past relevant work. [*Id.*] 41. At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that plaintiff could perform: mail clerk (12,900 jobs), office helper (13,600 jobs), and merchandise marker (227,000 jobs). [*Id.*] 42. The ALJ accordingly found that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the case should be remanded because the ALJ's finding that he was limited to performing 1-2 step tasks conflicts with the ALJ's ruling at step five that plaintiff could work as a mail clerk, office helper, and merchandise marker. [12] 8-9. As plaintiff notes, each of those jobs is classified in the Dictionary of Occupational Titles (DOT) as a Reasoning Level 2 or 3 job. *See* DICOT 209.687.026, 1991 WL 67183 (Mail Clerk – Reasoning Level 3); DICOT 239.567-010, 1991 WL 672232 (Office Helper – Reasoning Level 2); DICOT 209.587-034, 1991 WL 671802 (Marker – Reasoning Level 2). But plaintiff contends that the ALJ's finding that he was limited to performing 1-2 step tasks means that he can only work in jobs with a

2

Reasoning Level 1. The Court agrees that the ALJ's decision is internally inconsistent and that a remand is required to resolve this issue.[3]

"One- to two-step tasks function as a term of art in the Social Security context: the Department of Labor's Dictionary of Occupational Titles . . . defines a Reasoning Development Level of 1 as the ability to apply commonsense understanding to carry out simple one- or two-step instructions." *Schlattman v. Colvin*, Case No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014). Cases from the Northern District of Illinois have "repeatedly interpreted the restriction to 1-2 step tasks to limit a claimant to Level 1 Reasoning jobs[.]" *James T. v. Kijakazi*, No. 20 CV 4990, 2023 WL 8272039, at *4 (N.D. Ill. Dec. 1, 2023) (internal quotation marks and brackets omitted); *see also Charles N. v. O'Malley*, No. 22 C 6749, 2024 WL 3581902, at *5-8 & n.4 (N.D. Ill. July 30, 2024); *Kevin W. v. Kijakazi*, No. 20-cv-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023); *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *4 (N.D. Ill. May 31, 2022); *Deborah B. v. Kijakazi*, No. 20-cv-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022); *Schlattman*, 2014 WL 185009, at *6-8.

In this case, two state agency reviewers opined that plaintiff was limited to performing 1-2 step tasks. *See* [6-1] 132 ("clmt is capable of completing 1-2 step tasks"); [*id.*] 155 ("clmt retains the mental capacity to understand, remember and concentrate sufficiently to carry out one or two-step instructions for a normal work period"). The ALJ found these opinions "mostly persuasive." [*Id.*] 39-40. An independent medical expert who testified at the hearing likewise opined that plaintiff should be limited to 1-2 step tasks, [*id.*] 75-76, and the ALJ found this opinion "persuasive" as well, [*id.*] 41. Based on this evidence, the ALJ included in the RFC determination a requirement that plaintiff be limited to performing simple, 1-2 step tasks. Nevertheless, the ALJ ruled at step five that plaintiff could perform three jobs that exceeded the Reasoning Level 1 associated with the limitation to 1-2 step tasks. Because the ALJ's step five determination is inconsistent with his ruling that plaintiff was limited to performing 1-2 step tasks, a remand is warranted.

The Commissioner's contrary arguments lack merit.

First, the Commissioner contends that the ALJ permissibly relied on the testimony of a vocational expert (VE) to find that plaintiff could perform jobs with a Reasoning Level 2 or 3. [16] 2, 5-6. According to the Commissioner, the VE's testimony "provide[d] more specific information about a job than the Dictionary [of Occupational Titles] based on the expert's experience," and that this "more specific information" about the jobs at issue supplied substantial evidence for the ALJ's decision. [*Id.*] 5 (internal quotation marks omitted). The transcript of the hearing does not bear this claim out. The ALJ asked the VE to assume a hypothetical claimant who "[i]s able to understand, remember and carry out simple, routine one- to two-step instructions"

---

[3] Because this issue is dispositive, the Court does not address plaintiff's other grounds for remand.

3

and asked whether such an individual could work. [6-1] 84-85. The VE responded that such an individual could work as a mail clerk, office helper, and merchandise marker. [*Id.*] 85. Contrary to the Commissioner's argument, the VE did not provide any "more specific information" about any of the jobs at issue that might have supported the ALJ's finding that plaintiff could work in a Reasoning Level 2 or 3 position. The VE simply testified that this was so without addressing the conflict between these jobs' Reasoning Levels and plaintiff's limitation to 1-2 step tasks. In other words, the same conflict that undermines the ALJ's decision also undermines the VE's testimony.

Second, the Commissioner argues that any conflict between a limitation to 1-2 step tasks and the VE's testimony was "non-apparent," such that the ALJ was free to ignore it. [16] 6. This is so, the Commissioner maintains, because the Seventh Circuit has "suggested that a conflict between simple tasks and reasoning development levels is not an apparent conflict." [*Id.*] (citing *Surprise v. Saul*, 968 F.3d 658, 662-63 (7th Cir. 2020)). This argument fails on at least two fronts.

To begin, the ALJ had "an affirmative responsibility to ask about any possible conflict between [the VE's testimony] and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "This affirmative duty . . . extends beyond merely asking whether [the VE's] testimony is consistent with the DOT" and requires the ALJ to "elicit a reasonable explanation for the conflict before relying on the VE['s testimony] to support a determination or decision about whether the claimant is disabled." *Roxanne R. v. Berryhill*, No. 18 C 5484, 2019 WL 2502033, at *3 (N.D. Ill. June 17, 2019) (internal quotation marks omitted). Because plaintiff did not identify a conflict in the VE's testimony at the hearing, plaintiff "now must demonstrate that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance." *Surprise*, 968 F.3d at 662 (internal quotation marks omitted). Plaintiff has carried that burden, given the numerous decisions from this Court holding that a claimant limited to performing 1-2 step tasks cannot work in a job with a Reasoning Level 2 or higher. *Compare id.* at 662-63 (finding no obvious conflict between VE testimony and ALJ's decision where claimant "identified no authority saying that a one- to three-step instructions limitation is incompatible with reasoning level 2"). The conflict is also grossly apparent from the DOT's definitions of Reasoning Level 1, which provides that the claimant can only carry out "*simple* one- or two-step instructions," and Reasoning Level 2, which provides that the claimant can "carry out *detailed* but uninvolved instructions." Dictionary of Occupational Title Appendix C (emphasis added); *see also Charles N.*, 2024 WL 3581902, at *6 (Reasoning Level 2 "jobs involve detailed but uninvolved written or oral instructions which, while not the clearest definition, are at least beyond one- and two-step instructions or it would not be the next level") (internal quotation marks omitted). Thus, the ALJ had an affirmative obligation to follow-up when the VE testified that a claimant who was limited to performing 1-2 step tasks could perform work requiring a Reasoning Level of 2 or 3. Furthermore, *Surprise* is not controlling here. There the Seventh Circuit rejected the argument that an apparent conflict existed between "a

4

one- to- three-step instruction limitation and a job requiring reasoning level 2[.]" 968 F.3d at 662. Here, however, plaintiff was limited to performing 1-2 step instructions, not 1-3 step instructions. What's more, *Surprise* cited multiple cases from outside the Circuit for the proposition that "a limitation to one- to- *two*-step instructions disqualifies a claimant from occupations requiring this reasoning level." *Id.* at 663 (emphasis in original). As in those cases, the ALJ's failure here to resolve the obvious conflict between the VE's testimony and the 1-2 step limitation requires a remand.

## Conclusion

Plaintiff's motion for summary judgment [12] is granted and defendant's motion for summary judgment [15] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: November 20, 2024**